IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS

LADERAL A.C. HATHMAN,

        Plaintiff,        :    Case No. 2:24-cv-3210

    - vs -                            District Judge Sarah D. Morrison
                                       Magistrate Judge Michael R. Merz

THE HONORABLE MICHAEL
  HOLBROOK, JUDGE, FRANKLIN
  COUNTY COURT OF COMMON
   PLEAS, et al.,

                                :
        Defendants.

## REPORT AND RECOMMENDATIONS

        This is a civil rights case brought *pro se* by Plaintiff Laderal A. C. Hathman pursuant to 42 U.S.C. § 1983.  Named as Defendants are The Honorable Michael Holbrook, Judge of the Franklin County Court of Common Pleas, Franklin County Assistant Prosecuting Attorneys John R. Cornely and Ryan A. Pferffle, and police officers E. Ortega of Whitehall, Ohio, and Dirk Russell of Columbus, Ohio.

        For reasons which are not apparent from the docket, this case was filed in the United States District Court for the District of Columbia and transferred to this Court *sua sponte* by Judge Mehta of that Court.  Judge Mehta found venue was improper in D.C. but that it would be proper here, and transferred the case instead of dismissing it, pursuant to D.C. Circuit precedent favoring transfers of *pro se* cases.

1

Upon transfer the case was initially assigned to District Judge Sargus and Magistrate Judge Jolson, but transferred to District Judge Morrison and the undersigned pursuant to this Court's general practice of consolidating related cases (ECF No. 7). The case is now before the Court for screening before the issuance of process under 28 U.S.C. § 1915A because all of the Defendants are officers or employees of governmental entities.

Under § 1915A the Court is to identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief.

In his request for Relief, Plaintiff says he wants to hold the Defendants accountable "for there [sic] participation in violating my constitutional rights and my statutory rights and I am asking for my charges to be dismissed and to be released immediately." (Complaint, ECF No. 1, PageID 5). Thus the Complaint on its face does not seek monetary relief from any Defendant.

If it did, it would be dismissable as against Judge Holbrook and the Assistant Prosecutors because they are absolutely immune from money damages. The common law absolute immunity of judges was first recognized in this country in *Bradley v. Fisher,* 80 U.S. 335, 355 (1872). It was explicitly extended to actions under 42 U.S.C. § 1983 in *Pierson v. Ray,* 386 U.S. 547 (1967), and *Stump v. Sparkman*, 435 U.S. 349 (1978). Acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State, are entitled to the protections of absolute immunity. *Imbler v. Pachtman*, 424 U.S. 409 (1976); *Burns v. Reed*, 500 U.S. 478 (1991); *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Koubriti v. Convertino*, 593 F.3d 459 (6th Cir. 2010).

2

The relief Plaintiff is seeking is dismissal of the charges against him and immediate release. That relief is only available in a habeas corpus action under 28 U.S.C. § 2254. To obtain relief under that section, a state prisoner must exhaust the remedies available to him in the state courts, including trial and direct appeal to both the Ohio Court of Appeals and the Ohio Supreme Court. Plaintiff has a parallel habeas corpus action pending under 28 U.S.C. § 2241 (Case No. 2:24-cv-3209) in which this Court has ordered that an answer and the state court record be filed, but the time for the Respondent to do so has not yet expired.

One might read the Complaint as seeking declaratory or injunctive relief against the Defendants, but that would mean intervening pretrial in a State criminal case and we would be required to abstain under *Younger v. Harris*, 401 U.S. 37 (1971). *Younger* requires federal courts to abstain where (1) state proceedings are pending; (2) the state proceedings involve an important state interest; and (3) the state proceedings will afford the plaintiff an adequate opportunity to raise his constitutional claims. *Middlesex County Ethics Comm'n v. Garden State Bar Ass'n.,* 457 U.S. 423, 432 (1982); *Kelm v. Hyatt*, 44 F.3d 415, 419 (6th Cir. 1995); *Nilsson v. Ruppert, Bronson & Chicarelli Co.,* 888 F.2d 452, 454 (6th Cir. 1989). *Ohio Civil Rights Com. v. Dayton Christian Schools, Inc.*, 477 U.S. 619 (1986).

Plaintiff complains of deprivation of both constitutional and statutory rights. However, 42 U.S.C. § 1983 only provides a remedy for deprivation by state officials of federal constitutional rights. The statute creates a cause of action sounding essentially in tort on behalf of any person deprived of a federal constitutional right by someone acting under color of state law. *City of Monterey v. Del Monte Dunes at Monterey, Ltd.,* 526 U.S. 687, 709 (1999); *Memphis Community School District v. Stachura,* 477 U.S. 299 (1986); *Carey v. Piphus,* 435 U.S. 247 (1978); *Monroe*

*v. Pape*, 365 U.S. 167 (1961). However, violations of either state or federal created statutory rights are not actionable under § 1983.

In accordance with the foregoing analysis, the Magistrate Judge respectfully recommends that the Complaint herein be dismissed without prejudice for failure to state a claim upon which relief can be granted or because the action is barred by the *Younger* abstention doctrine.

July 12, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #